UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CECILIA AGUEDA

    Plaintiff,

v.

JIMMY TORANO, and
DANIELLE TORANO,

    Defendants,
_____/

## COMPLAINT

COMES NOW the Plaintiff CECILIA AGUEDA, by and through the undersigned counsel, and hereby sues Defendants JIMMY TORANO, and DANIELLE TORANO and alleges:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States.  Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff CECILIA AGUEDA is a resident of Broward County, Florida, within the jurisdiction of the Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendants JIMMY TORANO and DANIELLE TORANO (hereinafter JIMMY TORANO and DANIELLE TORANO, or Defendants) are Palm Beach County

residents who employed Plaintiff CECILIA AGUEDA. Defendants are the employers of Plaintiff within the meaning of FLSA 29 U.S.C. §203 (d).

## GENERAL ALLEGATIONS

4. Defendants JIMMY TORANO and DANIELLE TORANO employed Plaintiff CECILIA AGUEDA as a live-in domestic employee to work in her private residence located at 14384 Stroller Way, Wellington, FL 33414.

5. Plaintiff worked for Defendants from approximately January 2010 to September 14, 2020, or 10 years plus 7 months. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks.

6. Defendants JIMMY TORANO and DANIELLE TORANO entered into an employment agreement with Plaintiff CECILIA AGUEDA detailing her wages, working hours per day, and duties.

7. Plaintiff was required to reside at Defendants' private residence, as a condition for employment, and as per the convenience of the employer.

8. According to the terms of the agreement, the Defendants would be providing room and meals and a salary of $450.00 weekly. The Plaintiff would take care of the children and perform housekeeping work.

9. The Plaintiff had a very heavy workload. Plaintiff duties included taking care of the children, plus cooking, housekeeping, doing the laundry, and all the tasks necessary to take care of a household with 2 children and 2 adults.

10. Plaintiff had Mondays off, but she worked from Tuesday to Thursday from 8:00 AM to 5:00 PM (9 hours each day); and Fridays, Saturdays, and Sundays from 8:00

AM to 11:00 PM, or later (15 hours each day).  Plaintiff worked a minimum of 72 hours every week. Plaintiff was unable to take bonafide lunch breaks.

11. Plaintiff was paid $450.00 weekly regardless of the number of days and hours worked every week. The weekly salary paid to Plaintiff resulted in a wage rate of $6.25 an hour.  This wage rate did not meet the minimum wage requirements of the Fair Labor Standards Act.

12. Therefore, Defendants JIMMY TORANO and DANIELLE TORANO failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

13. Defendants did not keep any time-keeping method to track the hours worked by the Plaintiff.  Plaintiff was paid in cash, and she was not provided with any paystub detailing her number of hours worked, employment taxes, etc.

14. On or about September 14, 2018, Plaintiff got sick, (non-COVID 19 related) and the Defendants immediately fired Plaintiff alleging that she was a health risk for the family. At the time of her firing Plaintiff was not paid her last 2 weeks of employment. Defendants promised to Pay Plaintiff soon.

15. Plaintiff CECILIA AGUEDA seeks to recover for unpaid minimum wages accumulated during her relevant time of employment, liquidated damages, as well as any other relief as applicable by law.

## COUNT I:
## FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206

16. Plaintiff JIMMY TORANO and DANIELLE TORANO re-adopts every factual allegation as stated in paragraphs 1-14 of this complaint as is set out in full herein.

17. This action is brought by Plaintiff CECILIA AGUEDA to recover from the Employer JIMMY TORANO and DANIELLE TORANO unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

18. At all times relevant to this action, Plaintiff CECILIA AGUEDA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

19. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA 29 U.S.C. §203 (d).

20. At all times relevant to this action, the Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

21. At all times relevant to this action, the Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

22. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1) at all times relevant to this action, the Employer/Defendants was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

23. Specifically, Title 29 U.S.C. §206 (f) states:

**Employees in domestic service**
Any employee—
**(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this

section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
**(2)** who in any workweek—
**(A)** is employed in domestic service in one or more households, and
**(B)** is so employed for more than 8 hours in the aggregate,
shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

24. Defendants JIMMY TORANO and DANIELLE TORANO employed Plaintiff CECILIA AGUEDA from approximately January 2010 to September 14, 2020, or 10 years plus 7 months. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks.

25. Defendants JIMMY TORANO and DANIELLE TORANO entered into an employment agreement with Plaintiff CECILIA AGUEDA detailing her wages, working hours per day, and duties.

26. Plaintiff was required to reside at Defendants' private residence, as a condition for employment, and as per the convenience of the employer.

27. According to the terms of the agreement, the plaintiff would take care of the children and perform housekeeping work, and the Defendants would be providing her room and meals and a salary of $450.00 weekly.

28. Plaintiff had Mondays off, but she worked from Tuesday to Thursday from 8:00 AM to 5:00 PM (9 hours each day); and Fridays, Saturdays, and Sundays from 8:00 AM to 11:00 PM, or later (15 hours each day). Plaintiff worked a minimum of 72 hours every week. Plaintiff was unable to take bonafide lunch breaks.

29. Plaintiff was paid $450.00 weekly regardless of the number of days and hours worked every week. The weekly salary paid to Plaintiff resulted in a wage rate of

$6.25 an hour. This wage rate did not meet the minimum wage requirements of the Fair Labor Standards Act.

30. Therefore, Defendants JIMMY TORANO and DANIELLE TORANO failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

31. During the relevant period, Plaintiff was with company checks or direct deposits coming from Jet Show Stable, Inc., without any accounting for days and hours worked, wage rate, employment taxes withheld, etc.

32. The records, if any, concerning the number of hours worked by Plaintiff, and the compensation paid to her should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage rate is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Twenty-Three Thousand Seven Hundred Eighty Dollars and 88/100 ($23,780.88)

b. <u>Calculation of such wages</u>:
Total relevant weeks of employment:  155 weeks

**1.- Unpaid minimum wages 2017 / 14 weeks =$1,864.80**

 Relevant number of weeks: 14 weeks
 Total hours worked: 72 hours weekly
 Total paid weekly:  $450.00: 72 hours=$6.25 an hour
 Florida Min. wage 2017: $8.10

 Florida Min. wage 2017: $8.10 - $6.25 rate paid = $1.85 difference

 $1.85 difference x 72 hours weekly= $133.20 x 14 weeks= $1,864.80

**2.- Unpaid minimum wages 2018 / 52 weeks =$7,488.00**

 Relevant number of weeks: 52 weeks
 Total hours worked: 72 hours weekly
 Total paid weekly:  $450.00: 72 hours=$6.25 an hour
 Florida Min. wage 2018: $8.25

 Florida Min. wage 2018: $8.25 - $6.25 rate paid = $2.00 difference

 $2.00 difference x 72 hours weekly= $144.00 x 52 weeks= $7,488.00

**3.- Unpaid minimum wages 2019 / 52 weeks =$8,274.24**

 Relevant number of weeks: 52 weeks
 Total hours worked: 72 hours weekly
 Total paid weekly:  $450.00: 72 hours=$6.25 an hour
 Florida Min. wage 2019: $8.46

 Florida Min. wage 2019: $8.46 - $6.25 rate paid = $2.21 difference

 $2.21 difference x 72 hours weekly= $159.12 x 52 weeks= $8,274.24

**4.- Unpaid minimum wages 2020 / 37 weeks =$6,153.84**

 Relevant number of weeks: 37 weeks
 Total hours worked: 72 hours weekly
 Total paid weekly:  $450.00: 72 hours=$6.25 an hour

> Florida Min. wage 2020: $8.56
>
> Florida Min. wage 2020: $8.56 - $6.25 rate paid = $2.31 difference
>
> $2.31 difference x 72 hours weekly= $166.32 x 37 weeks= $6,153.84
>
> Total minimum wages 2017, 2018, 2019, and 2020 = $23,780.88

c. <u>Nature of wages:</u>

> This amount represents unpaid minimum wages at Florida wage rate.

35. Plaintiff CECILIA AGUEDA was not paid minimum wages for the hours and relevant periods specified above. Therefore, the Defendants unlawfully failed to pay minimum wages to the Plaintiff.

36. Defendants JIMMY TORANO and DANIELLE TORANO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff CECILIA AGUEDA these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

37. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Defendants JIMMY TORANO and DANIELLE TORANO willfully and intentionally refused to pay Plaintiff CECILIA AGUEDA minimum wages as required by the law of the United States and remain owing Plaintiff these minimum

wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment and/or from 3 (three) years from the date of the filing of this complaint.

40. Plaintiff CECILIA AGUEDA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CECILIA AGUEDA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CECILIA AGUEDA and against the Defendants JIMMY TORANO and DANIELLE TORANO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CECILIA AGUEDA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff CECILIA AGUEDA an equal amount in double damages /liquidated damages; and

D. Award Plaintiff CECILIA AGUEDA reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CECILIA AGUEDA demands trial by a jury of all issues triable as of right by a jury.

Dated: September 21, 2020

                                                Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*